## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GCE INTERNATIONAL, INC., | Civil Action No.: 1:20-cv-696 |
| Plaintiff, | ECF CASE |
| v. | |
| HIGH POINT DESIGN LLC, | **Jury Trial Demanded** |
| Defendant. | |



HIGH POINT DESIGN, LLC,

      Counterclaim Plaintiff,

  v.

GCE INTERNATIONAL, INC., and
CVS HEALTH CORPORATION

      Counterclaim Defendants.

## [PROPOSED] PROTECTIVE ORDER

WHEREAS, the parties consider certain information and documents in their possession to be confidential and proprietary and, therefore, mutually desire that a protective order limiting use, access to and disclosure of such information and documents be entered, it is hereby ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure as follows:

1.      Any party or non-party providing discovery in this action, whether formally or informally, may designate as "CONFIDENTIAL" and subject to this Order any provided information, document, or thing, or portion of any document or thing: (a) that contains trade secrets and/or research, development, or commercial information (including financial and business information) that the party or non-party (or any predecessor in interest to a party or non-party)

1

regards as confidential. CONFIDENTIAL material as used in this Order shall refer to the original and copies of any so designated document, testimony, or other discovery material and shall also refer to the information contained in such material. All notes, extracts and summaries of CONFIDENTIAL material shall be considered CONFIDENTIAL material and be subject to the terms of this Order. Any party to this litigation or any non-party covered by this Order, who produces or discloses any CONFIDENTIAL material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2.     In designating information as CONFIDENTIAL, a party or non-party shall make such a designation only as to material that such party or non-party in good faith believes constitutes such material as matter used by it in, or pertaining to, its business, and that: (a) is material that is not generally known or otherwise available to the public, (b) is material that the party or non-party would normally not reveal to third parties or would cause third parties to maintain in confidence, or (c) is material otherwise entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

3.     Any party or non-party providing discovery in this action, whether formally or informally, may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any discovery material that such party or non-party reasonably and in good faith believes is so highly sensitive that its disclosure would provide the recipient a business, financial, or competitive advantage. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information includes: information that qualifies as trade secrets within the meaning of the Uniform Trade Secrets Act, or as defined under the Defend Trade Secrets Act of 2016, and in particular 18 USC § 1839 (3);

2

highly sensitive financial, business, or competitive information; highly sensitive non-public patent prosecution materials; and other information with a similar degree of confidentiality and value. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material as used in this Order shall refer to the original and copies of any so designated document, testimony, or other discovery material and shall also refer to the information contained in such material. All notes, extracts and summaries of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material shall be considered HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material and be subject to the terms of this Order. Any party to this litigation or any non-party who is covered by this Order, who produces or discloses any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

4.     In designating information as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, a party or non-party shall make such a designation only as to highly sensitive material that such party or non-party in good faith believes constitutes such material as matter used by it in, or pertaining to, its business, and that: (a) is material that is not generally known or otherwise available to the public, (b) is material that the party or non-party would normally not reveal to third parties or would cause third parties to maintain in confidence, or (c) is material otherwise entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

5.     In the event any party disagrees at any time with a party or nonparty's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, such party shall provide to the producing party written notice of its disagreement with the

3

designation. The producing party shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within ten (10) business days of receipt of the challenging party's written notice, the party challenging the designation may then request appropriate relief from the Court. The producing party who made the designation shall have the burden of proving that information has been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

6.      Discovery material designated CONFIDENTIAL shall be maintained in confidence by the party or authorized person to whom such material is produced or given and may be disclosed only to the following persons:

a.      The Court and Court personnel, provided that any written submission to the Court that discloses CONFIDENTIAL information shall be marked "CONFIDENTIAL" and shall be filed under seal as set forth in paragraph 20 of this Order;

b.      Outside counsel of record, employees of such outside counsel who are working under the direct supervision of such outside counsel, and outside vendors including court reporters, stenographers, videographers and providers of copying, coding, digitizing, translation and/or trial support services for such outside counsel;

c.      In-house attorney or other in-house representative employed by any party, or a parent or subsidiary of a party, who is actively working on or are responsible for this case, and such person's assistants and secretaries working under the direct supervision of such person;

d.      Subject to the procedures set forth in paragraph 8, non-party experts or other consultants who are not affiliated with a party and who are expressly engaged by outside counsel to provide expert testimony in this matter or to assist in discovery and/or

4

preparation of this action for trial, with disclosure only to the extent necessary to perform such work ("outside consultants"), provided that each such person has signed the undertaking annexed at Exhibit A;

e.    Any other person as to whom the producing party agrees in writing in advance of any disclosure; and

f.    Any arbitrator, mediator, neutral, or other third-party engaged jointly by the parties to facilitate negotiated resolution of this action, and any secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing.

7.    Discovery material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be maintained in confidence by the party or authorized person to whom such material is produced or given and may be disclosed only to the following persons:

a.    The Court and Court personnel, provided that any written submission to the Court that discloses HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall be filed under seal as set forth in paragraph 20 of this Order

b.    Outside counsel of record, employees of such outside counsel who are working under the direct supervision of such outside counsel, and outside vendors including court reporters, stenographers, videographers and providers of copying, coding, digitizing, translation and/or trial support services for such outside counsel;

c.    Subject to the procedures set forth in paragraph 8, non-party experts or other consultants who are not affiliated with a party and who are expressly engaged by outside counsel to provide expert testimony in this matter or to assist in discovery and/or preparation of this action for trial, with disclosure only to the extent necessary to perform

5

such work ("outside consultants"), provided that each such person has signed the undertaking annexed at Exhibit A;

    d.    Any other person as to whom the producing party agrees in writing in advance of any disclosure; and

    e.    Any arbitrator, mediator, neutral, or other third-party engaged jointly by the parties to facilitate negotiated resolution of this action, and any secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing.

8.    Any person described in paragraph 6(d) or 7(c) is to be identified to the other party (with a copy of such disclosure sent to all other parties) before any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material is shown to him or her. Such identification shall include a signed Undertaking in the form annexed as Exhibit A and shall provide the person's resume or curriculum vitae and, if not included in the curriculum vitae, a summary of the person's employment history for the past five years and description of every current or previous employment or consulting relationship with any of the parties. The party whose material is sought to be disclosed shall have seven (7) calendar days from the receipt of this identification to object to such disclosure, stating the reasons for such objection. If an objection is timely made, the parties shall meet and confer within five (5) calendar days to attempt to resolve the issue. There shall be no disclosure of such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material until the issue is resolved either by the parties or by Court order. If the parties are unable to resolve the objection through the meet and confer, the producing party may then file a motion seeking a Court order preventing disclosure. The producing party who made the designation shall have the burden of proving that the material should not be disclosed.

9. No designation of documents, including the papers served and/or filed in this case, as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be effective unless there is placed or affixed on such material the following or similar legend prior to its production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." In the event that a producing party inadvertently fails to stamp or otherwise designate a document or other information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY at the time of its production, it may be corrected by written notification to opposing counsel and provision of a copy of such document or information bearing the appropriate confidentiality designation, and the receiving party shall return or destroy the undesignated document or information and all copies thereof. Opposing counsel and other authorized recipients of such information shall not be responsible for any otherwise proper actions they took with respect to such information before receiving notice of the designation.

10. Testimony given at a deposition or hearing (including exhibits) may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by an appropriate statement on the record at the time of the giving of such testimony or by written notice given within fourteen (14) days after receipt of the transcript by the counsel for the party whose CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material was disclosed at the deposition or hearing. During the fourteen-day review period, the transcript, including exhibits, shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material. If there is no statement on the record designating the transcript or any portion of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and if no such designation is made within the fourteen-day review period, the transcript shall not be considered as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY material, except for designations inadvertently omitted, which may be corrected by written notification as set forth in paragraph 9.

11. All material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose, including patent prosecution. Counsel of record and the parties hereto shall take reasonable steps necessary to maintain such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material in confidence and prevent persons from using, disclosing, or recording the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material for any other purpose.

12. All CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material shall be stored in a secure and safe area, and its custodians shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the receiving party with respect to its own proprietary information, but no less than a reasonable standard of due and proper care, and shall be responsible for preventing any disclosure of such material, except in accordance with the terms of this Order. The parties agree that CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY materials sent to another party by electronic mail will include CONFIDENTIAL DOCUMENT PRODUCTION or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY DOCUMENT PRODUCTION in the subject line of such electronic mail.

13. After a final resolution of this case from which no further appeal can be taken, receiving outside counsel may retain copies of the pleadings, transcripts and exhibits, and may retain documents, things, copies, and samples to the extent they include or reflect receiving

attorney's work product, including copies of correspondence between counsel for the parties in this action. All other CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material produced by a party, and all copies, shall be returned to the producing party, or counsel of record for the receiving party shall certify in writing that such material has been destroyed within 30 days after the final termination of the case. Notwithstanding the foregoing, if CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material is stored or otherwise maintained electronically by the receiving party, including but not limited to on an email system or server, an internal document storage program, computer or external hard drive, disk, cloud storage, or other electronic media, the receiving party shall take all reasonable steps to delete said material to the fullest extent technologically possible and, in any event, render it inaccessible by their representatives, attorneys and staff involved in litigation of this action. Further, as to any electronic versions of said material existing on backup storage media (including but not limited to backup "tapes" and archived email programs), the parties agree that such electronic copies shall be subject to and deleted pursuant to such receiving party's and counsel's routine data backup and retention policies, and that the actual permanent deletion of such material may occur as such backup media is overwritten or otherwise as part of document deletion procedures in the normal course of business. The receiving party shall not in any event make any attempt to retrieve, restore, review, disseminate, or use the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material stored on any such backup storage media for any purpose, and must promptly take steps to delete or sequester such material if a backup containing such data is ever retrieved or restored for any purpose. The obligation on outside counsel to maintain the confidentiality of material designated as CONFIDENTIAL or

9

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Order shall be deemed continuing.

14.     The restrictions set forth in any of the paragraphs of this Order shall not apply to information or material that may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if that information or material: (a) was, is, or becomes public knowledge, not in violation of this Order; (b) is lawfully acquired by the non-designating party from a third party having the right to disclose such information or material independent of the producing party; or (c) was lawfully possessed by the non-designating party prior to entry by the Court of this Order.

15.     Notwithstanding any other provision of this Order, at a deposition or trial in this action: a) a party or present employee of a party may be examined and may testify concerning all CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material produced by that party; (b) a former employee of a party may be examined and may testify concerning all CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material produced by that party that clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to the former employee, or if counsel has a good-faith basis to believe the former employee has prior knowledge of the information contained in the document; and (c) non-parties may be examined and may testify concerning any document containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information of a producing party that clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to the non-party. Whenever a deposition taken on behalf of any party involves a disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

information of any party, the disclosing party shall have the right to exclude from attendance at said deposition, during such time as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information is to be disclosed, any person other than the person(s) agreed upon pursuant to paragraphs 6 and 7 above.

16.     Each person who receives any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material in accordance with any provision of this Order hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of, this Order.

17.     Any party may at any time seek modification of this Order or may challenge the propriety of a designation, by agreement, or failing agreement, by motion to the Court, pursuant to the federal and local rules.

18.     The provisions of this Order shall be available for application to non-parties who produce confidential information, formally or informally, in response to a subpoena or otherwise, and who in good faith believe that such material contains confidential information.  Any party to this action or a non-party may designate information produced by the non-party as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY within ten (10) business days of receipt of the information produced by the non-party.  During the ten-day period, such information shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material.  If no such designation is made within the ten-day period, such information shall not be considered to contain CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material, except for designations inadvertently omitted, which may be corrected by written notification as set forth for producing parties in paragraph 9.

19.     In the event a party has information that is subject to discovery and that is subject to contractual or other obligations of confidentiality owed to a third party, such party shall promptly request, in writing, the permission of the third party to produce such information subject to the terms of this Protective Order.  If permission is denied, the producing party shall notify the requesting party of such denial within three (3) business days of receipt of such denial.  The requesting party may seek any appropriate relief from this Court or another court and may pursue any other appropriate avenues of relief.

20.     Notwithstanding the designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in discovery, the parties are obligated to comply with the procedures for filing documents under seal, pursuant to the Individual Rules and Practices of Judge George B. Daniels, dated  April 21, 2020, and Section 6 of the Electronic Case Filing Rules & Instructions for the United States District Court, Southern District of New York.

21.     This Stipulated Protective Order is not binding on the Court or Court personnel. The Court reserves the right to amend this Protective Order at any time.

22.     With respect to privilege logs, neither party need list any communications between a party and its outside trial counsel, and need not log communications from the filing date of the action and thereafter.  For purposes of creation of a privilege log, a party need include only one entry on the log to identify withheld emails that constitute an uninterrupted dialogue between or among individuals, but such an entry must include the date/time range for the full dialogue, the total number of emails in the dialogue, and the identity of all persons who sent or received any email in the dialogue.

23.    The parties may stipulate to extensions of time to respond to discovery requests without further leave of the Court, unless the proposed extension would go beyond the discovery deadlines set by a scheduling order of the Court.

24.    The production of privileged or work-product protected documents, electronically stored information or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502. If a producing party claims that it inadvertently produced in discovery information that is subject to a claim of privilege, work product, or trial-preparation material, the parties shall comply with the requirements of Federal Rule of Civil Procedure 26(b)(5)(B).

25.    In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials with the appropriate confidentiality marking.

26.    Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

27.    Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as

13

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, provided that the contents of the information shall not be disclosed.

28.    Nothing herein shall be construed to prevent disclosure of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if such disclosure is required by law or by order of the Court.


By: */s/ Ryan N. Miller*
Ryan N. Miller
Daniel M. Rosales
Cali R. Spota
**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10178
Telephone: (212) 878-7900

*Attorneys for Plaintiff and Counterclaim*
*Defendant GCE International, Inc.*

By: */s/ Jeanne M. Gills*
Jeanne M. Gills
Daniel Flaherty
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
Telephone: (312) 832-4583

Justin Sobaje
**FOLEY & LARDNER LLP**
555 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Telephone: (213) 972-4500

*Attorneys for Counterclaim Defendant*
*CVS Health Corporation*


By: */s/ Steven Stern*
Steven Stern
Richard Schurin
**STERN & SCHURIN LLP**
595 Stewart Avenue
Suite 510
Garden City, New York 11530
Tel: (516) 248-0300
sstern@sternschurin.com
rschurin@sternschurin.com

*Attorneys for Defendant/*
*Counterclaim Plaintiff, High Point*
*Design, LLC*


14

IT IS SO ORDERED.

Dated: _____ DEC 2 2 2020

_____

_____, U.S.M.J.

15

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GCE INTERNATIONAL, INC., | Civil Action No.: 1:20-cv-696 |
| Plaintiff, | ECF CASE |
| v. | |
| HIGH POINT DESIGN LLC, | **Jury Trial Demanded** |
| Defendant. | |

HIGH POINT DESIGN, LLC,

Counterclaim Plaintiff,

v.

GCE INTERNATIONAL, INC., and
CVS HEALTH CORPORATION

Counterclaim Defendants.

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY ("Confidential Discovery Material"). I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation, I will return all discovery information to the Party or attorney from whom I received it. By acknowledging

these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____   _____

[Name]